TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000669-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

BRIAN NATHAN HOPPER                                    RESPONDENT

## OPINION AND ORDER

Brian Nathan Hopper, Kentucky Bar Association (KBA) No. 89861, was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 2003, and his bar roster address is listed as 21 Sugg Street, Madisonville, KY 42431. The Board of Governors (Board) found Hopper guilty of violating SCR 3.130-1.3, -1.4(a)(4), -1.15(b), - 1.16(d), and -8.1(b) (two counts). For these violations the Board unanimously recommends Hopper be suspended from the practice of law for 181 days and pay all associated costs. For the following reasons, we adopt the Board's recommendation.

### I. BACKGROUND

This case concerns two separate KBA complaints.

### A. KBA File No. 23050

Johnny Miller of Hopkins County Heating Air and Electrical hired Hopper to do collections work on behalf of the company. While Hopper collected some fees, he never turned them over to Miller. Miller also paid Hopper costs and fees for two cases Hopper never filed. Hopper returned the money for the costs

and fees, but never turned over the money he collected on Miller's behalf. He also failed to return the files from eighteen collections cases.

The Office of Bar Counsel sent Hopper correspondence regarding this case in December 2014 and again in February 2015. Hopper did not respond. The Inquiry Commission then issued a five-count charge, alleging violations of SCR 3.130-1.3,[1] -1.4(a)(4),[2] -1.15(b),[3] -1.16(d),[4] and -8.1(b).[5] The KBA sent the five-count charge to Hopper's bar roster address by certified mail, which was returned as unclaimed. Hopper was thereafter personally served with the complaint and filed a response. When the charge was issued, it was also

---

[1] SCR 3.130-1.3 provides: "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 3.130-1.4(a) provides, in pertinent part: "[a] lawyer shall . . . (4) promptly comply with reasonable requests for information."

[3] SCR 3.130-1.15(b) provides:

Upon receiving funds or other property in which a client has an interest, a lawyer shall promptly notify the client. Except as stated in this Rule or otherwise permitted by law or by agreement with the client a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property.

[4] SCR 3.130-1.16(d) provides in pertinent part:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred.

[5] SCR 3.130-8.1 provides in pertinent part: "a lawyer . . . in connection with a disciplinary matter . . . shall not: . . . (b) . . . knowingly fail to respond to a lawful demand for information from [a] disciplinary authority . . . ."

mailed via certified mail and—again—returned as unclaimed. Hopper was personally served; however, he did not file an answer to the charge.

## B. KBA File No. 24147

Old National Bank sent the Office of Bar Counsel two notices in October, 2015 stating that Hopper's IOLTA account had been overdrawn. In turn, the Office of Bar Counsel sent Hopper two letters asking him to provide a written explanation of the insufficiency of funds and the means by which he corrected it. Hopper did not respond to either letter.

The Inquiry Commission issued a complaint against Hopper requesting additional information about his IOLTA account. It advised him that a failure to respond could result in an additional charge. The complaint was sent via certified mail, but like those in the previous file, was returned. Service was made to the KBA's Executive Director under SCR 3.175(2).

The Inquiry Commission then issued a charge against Hopper for violating SCR 3.130-8.1(b) (failing to respond to the KBA's lawful demand for information). The charge was served by certified mail, but Hopper did not answer.

## II. ANALYSIS

Neither party filed a notice of appeal to this Court, and under SCR 3.370(9),[6] this Court adopts the recommendation of the Board of Governors and finds Hopper guilty of all six charged counts and suspends him

---

[6] SCR 3.370(9) provides: "If no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

for a period of 181 days. We agree that Hopper's conduct amounted to the charged counts. Specifically, Hopper violated: SCR 3.130-1.3 when he failed to act with reasonable diligence and promptness by failing to file cases for which Miller had paid him; SCR 3.130-1.4(a)(4) when he failed to promptly return Miller's phone calls or respond to attempts to contact him in person; SCR 3.130-1.15(b) by failing to promptly deliver the funds he obtained from Miller's collections; SCR 3.130-1.16(d) by failing to return eighteen of Miller's files once terminated; and, finally, SCR 3.130-8.1(b) when, in both KBA case files currently before this Court, he failed to respond to the KBA's lawful demands for information.

We believe the recommended 181 day suspension is appropriate in this case. In addition to his other violations, Hopper has failed to turn over funds to his client and to maintain an adequate balance in his IOLTA account. "The Court is aware that a particularly severe stance is taken against financial misconduct by attorneys . . . ." *Kentucky Bar Ass'n v. Maze*, 397 S.W.3d 891, 898 (Ky. 2013). Furthermore, Hopper received a private admonition in December 2015 for failing to respond to a bar complaint. Therefore, this appears to be a pattern of non-responsiveness in violation of our ethical rules. Hopper is also currently suspended for failing to pay his KBA membership dues for the 2014-15 fiscal year.[7] We adopt the recommendation of the Board of Governors.

---

[7] The Board of Governors recommends we run the suspension in the current case concurrently with any other suspension.

4

## III. ORDER

Agreeing that the Board's recommendation is appropriate, it is ORDERED that:

1. Brian Nathan Hopper is found guilty of violating the Rules of Professional Responsibility as detailed above.

2. Hopper is suspended from the practice of law in the Commonwealth of Kentucky for 181 days. The suspension imposed by this order shall be served concurrently with any other suspensions.

3. In accordance with SCR 3.450, Hopper is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $516.55, for which execution may issue from this Court upon finality of this Opinion and Order.

4. Pursuant to SCR 3.390, Hopper shall, within ten days from the entry of this Opinion and Order, notify all Kentucky clients, in writing, of his inability to represent them; notify, in writing, all Kentucky courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel of the KBA. Furthermore, to the extent possible, Hopper shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. Minton, C.J., Hughes, Keller, VanMeter, Venters and Wright, JJ., concur. Cunningham, J., concurs in result only.

ENTERED: March 23, 2017.

_____
CHIEF JUSTICE